## JAMES N. SUTTON *vs.* THOMAS MULFORD.

The condition of a bond to indemnify an indorser of a note from *any failure to pay* it, and against *any liability that* might fall on him in consequence of his indorsement, held to extend to another note given and endorsed by the same parties on a renewal of the first note.

A renewal of a note at bank is not a payment for the purposes of such indemnity.

RULE to show cause why an execution should not be set aside, the judgment opened and defendant let into a trial.

The judgment was entered on a bond for $1,000. with warrant of attorney to confess judgment, to which there was this condition annexed: " That if the said Thomas Mulford, shall and do well and truly pay or cause to be paid, a note of five hundred dollars, drawn the twenty-first instant, at four months, payable at the Bank of Wilmington and Brandywine, and endorsed by James N. Sutton. And for the true and faithful performance by the said Mulford, in paying this note of $500 :—he, by this obligation to James N. Sutton, secures him against any liability that might fall upon him in consequence of his endorsement of the said note of $500. And in the event of any failure to pay the said note, then the above obligation is to remain in full force and virtue."

The judgment was entered for $1,000, and no amount endorsed. Execution issued.

The note referred to in the condition of the bond was retired from

bank at maturity, by a new note for the same amount, drawn by defendant, and endorsed by plaintiff. This note has been protested.

*Wales, Booth* and *Rodney,* in behalf of other judgment creditors of Mulford, argued in support of the rule, that the note for which this bond was given, was extinguished and spent ; and that no damage had occurred or could arise upon it. It was no part of the agreement that the note first given was to be renewed. When that note fell due, Sutton could be rendered liable on it only by protesting it ; and the failure to protest has discharged him forever. It being now impossible that Sutton can be held liable as endorser of that note, he has not been and cannot be damnified, and there has not been any breach of the condition of this bond. True, a new note was given and endorsed, but does the condition of the bond apply to that? It was a new and distinct agreement, creating a different and substantive liability. It is a struggle between the creditors of Mulford ; and not a resistance on his part.

The execution also is irregular. The law requires the real debt or sum due, to be entered on the docket of the judgment, and endorsed on the execution. *Digest.* 395. This irregular execution ought not, therefore, to be preferred to subsequent regular ones.

*J. A. Bayard,* for plaintiff, replied that the argument of the other side was founded on the false position, that a renewal of a note was a payment of it. This he denied, and insisted that the condition of this bond was large enough to cover the case.

The *Chief Justice* (T. CLAYTON,) thought not, and that the execution should be set aside and the judgment opened. The condition of the bond contemplates but one note, which it describes by date and amount ; and cannot be extended to apply to the second note, though that was a mere substitute or renewal of the first. The first note has been extinguished ; the liability of this plaintiff as endorser upon it is at an end, and without his being damnified. If he has sustained a loss on the second note, he cannot execute this judgment to indemnify himself.

ROBINSON and HARRINGTON, *Justices,* were of a different opinion. The condition of the bond is to *pay* the note of the 21st July, 1835 ; to secure Sutton " against any liability that might fall upon him in *consequence of* his endorsement of said note ;" and it was to operate " in the event of *any* failure to pay the said note." The renewal of this note was not a payment ; and the condition of this bond has been or may yet be violated. There has unquestionably been a failure to pay the note, which falls within the words of the obligation. This is an application to the equitable power of the court to set

aside this judgment on equitable principles; and, whether it be at the instance of the defendant himself, or his creditors, we ought to require equity at his hands. The execution is, however, irregular by reason of no amount of real debt being endorsed on it, or on the judgment. We incline to think, also, that there was no breach of the condition of the bond until Sutton actually paid something on account of his endorsement; when thus damnified, he may endorse the amount on the judgment and issue execution.

Rule absolute, so far as to set aside this execution, but not to open the judgment.